1  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
2  jgolden@lwgfllp.com
Reem J. Bello, State Bar No. 198840
3  rbello@lwgfllp.com
Faye C. Rasch State Bar No. 253838
4  frasch@lwgfllp.com
650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
Telephone:   (714) 966-1000
6  Facsimile:   (714) 966-1002

7  Attorneys for Weneta M.A. Kosmala,
Chapter 7 Trustee

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                      **SANTA ANA DIVISION**

11  In re                              Case No. 8:15-bk-13556-MW

12  JOHN OLAF HALVORSON,               Chapter 7 Case

13                        Debtor.      Adv. No.

14  _____   **COMPLAINT:**

15  WENETA M.A. KOSMALA, Chapter 7     **(1) FOR TURNOVER OF PROPERTY OF THE**
Trustee for the Bankruptcy Estate of   **ESTATE AND FOR AN ACCOUNTING**
16  John Olaf Halvorson,               **PURSUANT TO 11 U.S.C. § 542;**

17                         Plaintiff,  **(2) FOR TURNOVER OF PROPERTY OF THE**
        v.                             **ESTATE AND FOR AN ACCOUNTING**
18  PACIFIC COMMERCIAL GROUP,          **PURSUANT TO 11 U.S.C. § 542;**
LLC, BAEK FAMILY PARTNERSHIP,
19  LLC,  BAEK 124, LLC, BAEK          **(3) FOR TURNOVER OF PROPERTY OF THE**
HOLDINGS, LLC, BAEK 153, LLC,          **ESTATE AND FOR AN ACCOUNTING**
20  RGJ BAEK, LLC, RICHARD BAEK and    **PURSUANT TO 11 U.S.C. § 542;**
GRACE BAEK,
21                                     **(4) FOR TURNOVER OF PROPERTY OF THE**
                        Defendants.    **ESTATE AND FOR AN ACCOUNTING**
22                                     **PURSUANT TO 11 U.S.C. § 542;**

23                                     **(5) TO AVOID AND RECOVER FRAUDULENT**
                                       **TRANSFERS PURSUANT TO 11 U.S.C.**
                                       **§§ 544(B) AND 550, AND CALIFORNIA CIVIL**
                                       **CODE §§ 3439.04(a)(1), 3439.07 AND 3439.09;**
24
                                       **(6) TO AVOID AND RECOVER FRAUDULENT**
25                                     **TRANSFERS PURSUANT TO 11 U.S.C.**
                                       **§§ 544(b) AND 550, AND CALIFORNIA CIVIL**
                                       **CODE §§ 3439.04(a)(2), 3439.07 AND 3439.09;**
26
                                       **(7) TO AVOID AND RECOVER FRAUDULENT**
27                                     **TRANSFERS UNDER 11 U.S.C. §§ 544(b) AND**
                                       **550, AND CALIFORNIA CIVIL CODE**
                                       **§§ 3439.05, 3439.07 AND 3439.09;**
28

1125043.1                         1                         COMPLAINT

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000 · Fax 714-866-1002

**(8) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(A)(1)(A) AND 550;**

**(9) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B) AND 550;**

**(10) TO AVOID AND RECOVER UNAUTHORIZED POST PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 549 AND 550;**

**(11) DECLARATORY RELIEF;**

**(12) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551; AND**

**(13) FOR ATTORNEYS' FEES AND COSTS**

Weneta M.A. Kosmala, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate (the "Estate") of John Olaf Halvorson (the "Debtor"), hereby files this complaint: (1) For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (2) For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (3) For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (4) For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (5) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (6) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09; (7) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.05, 3439.07 and 3439.09; (8) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550; (9) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (10) To Avoid and Recover Post Petition Transfers Pursuant to 11 U.S.C. §§ 549 and 550; (11) For Declaratory Relief; (12) To Preserve Transfers for the Benefit of The Estate Pursuant to 11 U.S.C. § 551; and (13) Attorneys' Fees and Costs ("Complaint") against Pacific Commercial Group, LLC, Baek Family Partnership, LLC,

Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC, RGJ Baek, LLC, Richard Baek and

Grace Baek (collectively, the "Defendants") and respectfully alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1.      The Bankruptcy Court has jurisdiction over this adversary proceeding

pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O) and 1334.

2.      Venue properly lies in this judicial district in that this civil proceeding arises

under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

3.      This adversary proceeding arises out of and is related to the bankruptcy

case of In re John Olaf Halvorson, Case No. 8:13-bk-13556-MW, filed on July 16, 2015

and currently pending in the United States Bankruptcy Court for the Central District of

California, Santa Ana Division.

## STATEMENT OF STANDING

4.      On or about July 16, 2015 (the "Petition Date"), John Olaf Halvorson

("Debtor") commenced a voluntary chapter 7 petition for relief under the U.S. Bankruptcy

Code.

5.      Weneta M.A. Kosmala was appointed the chapter 7 trustee of the Debtor's

bankruptcy estate ("Estate").

6.      The Plaintiff, as the Trustee, has standing to bring this action pursuant to 11

U.S.C. §§ 323, 542, 544, 548, 550 and 551.

## PARTIES TO THE ACTION

7.      Trustee is the duly appointed, qualified and acting chapter 7 trustee for the

Estate of Debtor.  This action is brought by the Trustee in her representative capacity

only.

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

8.     The Trustee is informed and believes and thereon alleges that Grace Baek ("Grace"), the Debtor's estranged wife, is an individual residing in the County of Orange, State of California.

9.     The Trustee is informed and believes and thereon alleges that Richard Baek ("Richard"), is an individual residing in the County of Washington, State of Oregon.

10.     The Trustee is informed and believes and thereon alleges that Pacific Commercial Group, LLC is a limited liability registered in the State of Oregon.

11.     The Trustee is informed and believes and thereon alleges that Baek Family Partnership, LLC is a limited liability company registered in the State of Oregon.

12.     The Trustee is informed and believes and thereon alleges that Baek 124, LLC is a limited liability company registered in the State of Oregon.

13.     The Trustee is informed and believes and thereon alleges that Baek Holdings, LLC is a limited liability company registered in the State of Oregon.

14.     The Trustee is informed and believes and thereon alleges that Baek 153, LLC is a limited liability company registered in the State of Oregon.

15.     The Trustee is informed and believes and thereon alleges that RGJ Baek, LLC is a limited liability company registered in the State of Oregon.

## GENERAL ALLEGATIONS

16.     Trustee is informed and believes and thereon alleges that as of the Petition Date, Grace and the Debtor were formally married.  Grace and the Debtor were granted a divorce is 2014, pending settlement of the community assets.

17.     Trustee is informed and believes and thereon alleges that Grace and the Debtor are divorced, but there has not yet been a division or settlement of community assets.

### The Community Assets

18.     Trustee is informed and believes and thereon alleges that the following assets were community property of the Debtor and Grace in which the Estate had an

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

interest on the Petition Date:  (i) 50% interest in Pacific Commercial Group, LLC (equaling

100 shares), (ii) 50% interest in Baek Family Partnership, LLC, owner of 8201 SE Powell

Boulevard, Oregon,  (iii) 50% interest in Baek 124, LLC, owner of 8255 SW BH Highway,

Beaverton, Oregon (iv) 50% interest in Baek Holdings, LLC, owner of 8325 SW BH

Highway, Beaverton, Oregon, (iv) 50% interest in Baek 153, LLC, owner of 3855 SW 153

rd Ave, Beaverton, Oregon and (v) 40% interest in RGJ Baek, LLC, owner of Josun

Korean Grill, LLC (collectively the "Community Assets").

19.     Trustee is informed and believes and thereon alleges that the Community

Assets had a combined value of in excess of $5,000,000.

20.     Trustee is informed and believes and thereon alleges that the Community

Assets are property of the Estate.

21.     Trustee is informed and believes and thereon alleges that Grace dissipated

and/or transferred the Community Assets.

22.     Trustee is informed and believes and thereon alleges that Grace has a fifty

percent (50%) interest in Baek Family Partnership, LLC ("Family Partnership").

23.     Trustee is informed and believes and thereon alleges that 16.6% of this 50%

interest held by Grace in the Family Partnership was sold to Grace by her mother after

Debtor and Grace were married.

24.     Trustee is informed and believes and thereon alleges that this 16.67%

interest in the Family Partnership held by Grace is community property of Debtor and

Grace in which the Estate had an interest on the Petition Date.

25.     Trustee is informed and believes and thereon alleges that the Debtor holds

an equitable and beneficial interest in the 33.33% interest in the Family Partnership held

by Grace before Grace and the Debtor were married because of the Debtor's services and

efforts provided to the Family Partnership.

26.     Trustee is informed and believes and thereon alleges that Grace's 50% in

the Family Partnership is property of the Estate.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

27.    Trustee is informed and believes and thereon alleges that the Family Partnership owns a seven-tenant retail shopping center located at 8201 South East Powell, Boulevard Portland, Oregon ("Retail Center").

28.    Trustee is informed and believes and thereon alleges that the Retail Center has been and continues to generate rent ("Rent").

29.    Trustee is informed and believes and thereon alleges that the Rent is property of the Estate.

30.    Trustee is informed and believes and thereon alleges that Grace has failed to collect and/or dissipated the Rent.

31.    Trustee is informed and believes and thereon alleges that the Retail Center is listed for sale for $4,500,000.

32.    Trustee is informed and believes and thereon alleges that the Estate's share of the proceeds of a Family Partnership refinance or sale are likely to be dissipated by Grace and Richard.

### Baek 124, LLC and Baek Holdings, LLC

33.    Trustee is informed and believes and thereon alleges that Richard, Grace and the Debtor are members of Baek 124, LLC ("Baek 124").

34.    Trustee is informed and believes and thereon alleges that the Debtor has a twenty five percent (25%) interest in Baek 124.

35.    Trustee is informed and believes and thereon alleges that the real property commonly known as 8225 SW BH Highway, Beaverton, Oregon was an asset of Baek 124 ("124 Real Property").

36.    Trustee is informed and believes and thereon alleges that the loan balance on the 124 Real Property, at the time of Sale (defined below), was $350,000.

37.    Trustee is informed and believes and thereon alleges that Richard, Grace and the Debtor are the members of Baek Holdings, LLC ("Baek Holdings").

38.    Trustee is informed and believes and thereon alleges that the Debtor holds a twenty five percent (25%) interest in Baek Holdings.

39.     Trustee is informed and believes and thereon alleges that the property commonly known as 8325 SW BH Highway, Beaverton, Oregon was an asset of Baek Holdings ("Holdings Real Property").

40.     Trustee is informed and believes and thereon alleges that the loan balance on the Holdings Real Property, at the time of Sale (defined below), was $550,000.

41.     Trustee is informed and believes and thereon alleges that the 124 Real Property along with the Holdings Real Property were sold in consecutive sales (collectively "Sale"), for a total of $1,875,000 ("Sale Proceeds").

42.     Trustee is informed and believes and thereon alleges that Richard did not remit any of the Sale Proceeds to the Debtor on account of his interest in Baek 124.

43.     Trustee is informed and believes and thereon alleges that Richard did not remit any of the Sale Proceeds to the Debtor on account of his interest in Baek Holdings.

44.     Trustee is informed and believes and thereon alleges that Richard, Grace, Baek 124, and Baek Holdings did not provide an accounting to the Debtor in connection with the Sale.

### Joint Venture – Pacific Commercial Group, LLC

45.     Trustee is informed and believes and thereon alleges that Richard and the Debtor were members of a joint venture entitled Pacific Commercial Group, LLC ("Joint Venture").

46.     Trustee is informed and believes and thereon alleges that Richard and the Debtor each held a fifty percent (50%) interest in the Joint Venture.

47.     Trustee is informed and believes and thereon alleges that Richard received services provided by the Joint Venture for which the Debtor was due to be compensated but was not compensated.

48.     Trustee is informed and believes and thereon alleges that the Debtor did not receive his share of the proceeds from the operation of the Joint Venture ("Joint Venture Proceeds").

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000 · Fax 714-866-1002

49.     Trustee is informed and believes and thereon alleges that the Debtor did not receive an accounting for the operation of the Joint Venture or for the Joint Venture Proceeds.

**Baek 153, LLC**

50.     Trustee is informed and believes and thereon alleges that Grace and the Debtor held a fifty percent (50%) community interest in Baek 153, LLC ("Baek 153").

51.     Trustee is informed and believes and thereon alleges that Baek 153 owns the real property commonly known as 3855 SW 153rd Beaverton, Oregon ("153 Real Property").

52.     Trustee is informed and believes and thereon alleges that the 153 Real Property is a commercial building valued at approximately $8,000,000.

53.     Trustee is informed and believes and thereon alleges that Baek 153 generates annual net income in excess of $300,000.

54.     Trustee is informed and believes and thereon alleges that on or about June 2012, Grace sold the community's interest in Baek 153 to Richard for the sum of $88,888 ("Transfer").

55.     Trustee is informed and believes and thereon alleges that the Transfer was not for reasonably equivalent value.

## FIRST CLAIM FOR RELIEF

**(For Turnover of Property of the Estate and for an Accounting Pursuant to**

**11 U.S.C. § 542 Against Richard, Grace, Pacific Commercial Group, LLC,**

**Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC,**

**Baek 153, LLC and RGJ Baek, LLC)**

56.     Trustee incorporates each and every allegation contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.     The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor held a legal and/or equitable interest in the Community Assets.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

58.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, the Community Assets were property of the Estate.

59.    As a result of the foregoing, Trustee seeks turnover of the Community Assets or their value from Richard, Grace, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC for the benefit of the Estate pursuant to 11 U.S.C. § 542.

60.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor held a legal, beneficial and/or equitable interest in the Family Partnership.

61.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, the Community Assets were property of the Estate.

62.    As a result of the foregoing, Trustee seeks turnover of the Estate's interest in the Community Assets and the Estate's interest in the Family Partnership, Retail Center, and Rent for the benefit of the Estate pursuant to 11 U.S.C. § 542 and for an accounting of any sale or refinance relating to the Family Partnership or the Community Assets.

## SECOND CLAIM FOR RELIEF

**(For Turnover of Property of the Estate and for an Accounting Pursuant to 11 U.S.C. § 542 against Richard, Grace and Baek 124, LLC)**

63.    Trustee incorporates each and every allegation contained in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor held a legal and/or equitable interest in Baek 124, LLC.

65.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, the Debtor's legal and/or equitable interest in Baek 124, LLC was property of the Estate.

66.    As a result of the foregoing, Trustee seeks turnover of the Estate's interest in Baek 124, LLC or its value from Baek 124, LLC, Richard and Grace for the benefit of the Estate pursuant to 11 U.S.C. § 542.

67.    Trustee is informed and believes and thereon alleges that the 124 Real Property owned by Baek 124, LLC was sold and that this sale generated sales proceeds ("124 Real Property Proceeds").

68.    Trustee is informed and believes and thereon alleges that Baek 124, LLC, Grace and Richard did not remit any of the 124 Real Property Proceeds to the Debtor.

69.    Trustee is informed and believes and thereon alleges that Baek 124, LLC, Grace and Richard did not provide an accounting to the Debtor in connection with the sale of the 124 Real Property.

70.    As a result of the foregoing, Trustee seeks turnover of the Estate's interest in Baek 124, LLC and in the 124 Real Property Proceeds, for the benefit of the Estate pursuant to 11 U.S.C. § 542 and an accounting of any sale or refinance relating to the 124 Real Property.

## THIRD CLAIM FOR RELIEF

**(For Turnover of Property of the Estate and for an Accounting Pursuant to 11 U.S.C. § 542 against Richard, Grace and Baek Holdings, LLC)**

71.    Trustee incorporates each and every allegation contained in paragraphs 1 through 70, inclusive, as though fully set forth herein

72.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor held a legal and/or equitable interest in Baek Holdings, LLC.

73.    The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, the Debtor's legal and/or equitable interest in Baek Holdings, LLC was property of the Estate.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000 · Fax 714-866-1002

1    74.    As a result of the foregoing, Trustee seeks turnover of the Estate's interest in

2  Baek Holdings, LLC or its value from Baek Holdings, LLC, Richard and Grace for the

3  benefit of the Estate pursuant to 11 U.S.C. § 542.

4    75.    Trustee is informed and believes and thereon alleges that the Holdings Real

5  Property owned by Baek Holdings, LLC was sold and that this sale generated sales

6  proceeds ("Holdings Property Proceeds").

7    76.    Trustee is informed and believes and thereon alleges that Baek Holdings,

8  LLC, Grace and Richard did not remit any of the Holdings Property Proceeds to the

9  Debtor.

10    77.    Trustee is informed and believes and thereon alleges that Baek Holdings,

11  LLC, Grace and Richard did not provide an accounting to the Debtor in connection with

12  the sale of the Holdings Real Property.

13    78.    As a result of the foregoing, Trustee seeks turnover of the Estate's interest in

14  Baek Holdings, LLC and in the Holdings Property Proceeds, for the benefit of the Estate

15  pursuant to 11 U.S.C. § 542 and an accounting of any sale or refinance relating to the

16  Holdings Real Property.

17

18                    **FOURTH CLAIM FOR RELIEF**

19    **(For Turnover of Property of the Estate and for an Accounting Pursuant to 11**

20           **U.S.C. § 542 against Richard and Pacific Commercial Group, Inc.)**

21    79.    Trustee incorporates each and every allegation contained in paragraphs 1

22  through 78, inclusive, as though fully set forth herein

23    80.    Trustee is informed and believes and thereon alleges that Richard and the

24  Debtor were members of the Joint Venture.

25    81.    Trustee is informed and believes and thereon alleges that Richard and the

26  Debtor each held a fifty percent (50%) interest in the Joint Venture.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

82.     Trustee is informed and believes and thereon alleges that Richard received services provided by the Joint Venture for which the Debtor was due to be compensated but was not compensated.

83.     Trustee is informed and believes and thereon alleges that the Debtor did not receive his share of the Joint Venture Proceeds.

84.     Trustee is informed and believes and thereon alleges that the Debtor did not receive an accounting for the operation of the Joint Venture or for the Joint Venture Proceeds.

85.     As a result of the foregoing, Trustee seeks turnover of the Estate's interest in the Joint Venture and the Estate's share of the Joint Venture Proceeds for the benefit of the Estate pursuant to 11 U.S.C. § 542.

86.     As a result of the foregoing, Trustee seeks turnover of fifty percent (50%) of the Joint Venture Proceeds, turnover of the Estate's interest in the Joint Venture, and an accounting from Richard and Pacific Commercial Group, Inc. regarding the Joint Venture and the Joint Venture Proceeds for the benefit of the Estate pursuant to 11 U.S.C. § 542.

## FIFTH CLAIM FOR RELIEF

**(To Avoid Transfer and Recover Intentional Fraudulently Transferred Property Pursuant to 11 U.S.C. §§ 544(b) and 550, and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09 against Richard, Grace and Baek 153, LLC)**

87.     Trustee incorporates each and every allegation contained in paragraphs 1 through 86, inclusive, as though fully set forth herein.

88.     Trustee is informed and believes and thereon alleges that Grace and the Debtor held a fifty percent (50%) interest in Baek 153.

89.     Trustee is informed and believes and thereon alleges that Baek 153 owns the 153 Real Property.

90.     Trustee is informed and believes and thereon alleges that the 153 Real Property is a commercial building valued at approximately $8,000,000.

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

91.    Trustee is informed and believes and thereon alleges that Baek 153 generates annual net income in excess of $300,000.

92.    Trustee is informed and believes and thereon alleges that on or about June 2012, Grace sold the community's interest in Baek 153 to Richard for the sum of $88,888.

93.    Trustee is informed and believes and thereon alleges that the Transfer was not made for reasonably equivalent value.

94.    Trustee is informed and believes and thereon alleges that the Transfer was made within four years of the Petition Date.

95.    Trustee is informed and believes and thereon alleges that the Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

96.    Trustee is informed and believes and thereon alleges that creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

97.    Trustee is informed and believes and thereon alleges that Grace caused the Transfer to be made to or for the benefit of Richard.

98.    Trustee is informed and believes and thereon alleges that the Debtor received no consideration from Grace, Richard or Baek 153 for the Transfer.

99.    Trustee is informed and believes and thereon alleges that the Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

100.    By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(1), 3439.07 and 3439.09 and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**SIXTH CLAIM FOR RELIEF**

**(To Avoid Transfer and Recover Constructively Fraudulently Transferred Property Pursuant to 11 U.S.C. §§ 544(b), 548 and 550, and Cal. Civ. Code §§ 3439.04(a)(2), 3439.07 and 3439.09 against Richard, Grace and Baek 153, LLC)**

101.    Trustee incorporates each and every allegation contained in paragraphs 1 through 100 inclusive, as though fully set forth herein.

102.    Trustee is informed and believes and thereon alleges that Grace and the Debtor held a fifty percent (50%) interest in Baek 153.

103.    Trustee is informed and believes and thereon alleges that Baek 153 owns the 153 Real Property.

104.    Trustee is informed and believes and thereon alleges that the 153 Real Property is a commercial building valued at approximately $8,000,000.

105.    Trustee is informed and believes and thereon alleges that Baek 153 generates annual net income in excess of $300,000.

106.    Trustee is informed and believes and thereon alleges that on or about June 2012, Grace sold the community's interest in Baek 153 to Richard for the sum of $88,888.

107.    Trustee is informed and believes and thereon alleges that at the time of the Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

108.    Trustee is informed and believes and thereon alleges that at the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

109.    Trustee is informed and believes and thereon alleges that the Debtor was insolvent at the time of the Transfer and/or was made insolvent as a result of the Transfer.

110.    Trustee is informed and believes and thereon alleges that the Transfer was made to and for the benefit of Richard.

1125043.1

COMPLAINT

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-866-1002

111.    Trustee is informed and believes and thereon alleges that the Debtor did not receive reasonably equivalent value for the Transfer and the Transfer was not made in good faith.

112.    By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(2), 3439.07 and 3439.09, and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SEVENTH CLAIM FOR RELIEF

**(To Avoid Transfer and Recover Constructively Fraudulently Transferred Property Pursuant to 11 U.S.C. §§ 544(b), 548 and 550, and Cal. Civ. Code §§ 3439.05, 3439.07 and 3439.09 against Richard, Grace and Baek 153, LLC)**

113.    Trustee incorporates each and every allegation contained in paragraphs 1 through 112, inclusive, as though fully set forth herein.

114.    Trustee is informed and believes and thereon alleges that Grace and the Debtor held a fifty percent (50%) interest in Baek 153.

115.    Trustee is informed and believes and thereon alleges that Baek 153 owns the 153 Real Property.

116.    Trustee is informed and believes and thereon alleges that the 153 Real Property is a commercial building valued at approximately $8,000,000.

117.    Trustee is informed and believes and thereon alleges that Baek 153 generates annual net income in excess of $300,000.

118.    Trustee is informed and believes and thereon alleges that on or about June 2012, Grace sold the community's interest in Baek 153 to Richard for the sum of $88,888.

119.    Trustee is informed and believes and thereon alleges that Grace caused the Transfer to be made for the benefit of Richard.

120.    Trustee is informed and believes and thereon alleges that the Transfer was not made for reasonably equivalent value.

121.   Trustee is informed and believes and thereon alleges that the Debtor received no consideration for the Transfer.

122.   Trustee is informed and believes and thereon alleges that at the time of the Transfer, the Debtor was either insolvent and/or was rendered insolvent as a result of the Transfer.

123.   By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.05, 3439.07 and 3439.09, and Trustee is entitled to recover the Transfer or the value of the Transfer, exclusive of any liens and encumbrances, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## EIGHTH CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulently Transferred Property Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550 Against Richard, Grace, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC)**

124.   Trustee incorporates each and every allegation contained in paragraphs 1 through 123, inclusive, as though fully set forth herein.

125.   Trustee is informed and believes and thereon alleges that the Community Assets are property of the Estate.

126.   Trustee is informed and believes and thereon alleges that Grace may have transferred the Community Assets ("Community Assets Transfer") within two years or later of the Petition Date.

127.   Trustee is informed and believes and thereon alleges that the Community Assets Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

128.   By reason of the foregoing, the Community Assets Transfer is avoidable, Trustee is entitled to set aside the Community Assets Transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and Trustee is entitled to recover the Community Assets Transfer or the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 value of the Community Assets Transfer for the benefit of the Estate pursuant to 11

2 U.S.C. § 550.

3

4 **NINTH CLAIM FOR RELIEF**

5 **(To Avoid and Recover Fraudulently Transferred Property Pursuant to
11 U.S.C. §§ 548(a)(1)(B) and 550 Against Richard, Grace, Pacific Commercial**

6 **Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC,
Baek 153, LLC and RGJ Baek, LLC)**

7

8     129.    Trustee incorporates each and every allegation contained in paragraphs 1

9 through 128, inclusive, as though fully set forth herein.

10     130.    Trustee is informed and believes and thereon alleges that the Community

11 Assets are property of the Estate.

12     131.    Trustee is informed and believes and thereon alleges that Community

13 Assets Transfer was within two years or later of the Petition Date.

14     132.    Trustee is informed and believes and thereon alleges that the Debtor

15 received less than reasonably equivalent value in exchange for the Community Assets

16 Transfer.

17     133.    Trustee is informed and believes and thereon alleges that the Debtor was

18 insolvent at the time of the Community Assets Transfer and/or was rendered insolvent by

19 virtue of the Community Assets Transfer.

20     134.    Trustee is informed and believes and thereon alleges that at the time of the

21 Community Assets Transfer, Debtor was engaged in business or a transaction or was

22 about to engage in a business or a transaction, for which any property remaining with the

23 Debtor was an unreasonably small capital.

24     135.    Trustee is informed and believes and thereon alleges that at the time of the

25 Community Assets Transfer, the Debtor incurred debts that were beyond Debtor's ability

26 to pay such debts as they became due.

27

28

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1125043.1

17

COMPLAINT

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-866-1002

136.     Trustee is informed and believes and thereon alleges that creditors existed at the time of the Community Assets Transfer that remained unpaid as of the Petition Date.

137.     By reason of the foregoing, the Community Assets Transfer is avoidable, Trustee is entitled to set aside the Community Assets Transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and Trustee is entitled to recover the Community Assets Transfer or the value of the Community Assets Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## TENTH CLAIM FOR RELIEF

**(To Avoid and Recover Unauthorized Post Petition Transfers Pursuant to
11 U.S.C. §§ 549 and 550 Against Richard, Grace, Pacific Commercial Group, LLC,
Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC
and RGJ Baek, LLC)**

138.     Trustee incorporates each and every allegation contained in paragraphs 1 through 137, inclusive, as though fully set forth herein.

139.     Trustee is informed and believes and thereon alleges that the Community Assets are property of the Estate.

140.     Trustee is informed and believes and thereon alleges that Grace may have transferred the Community Assets after the Petition Date.

141.     Trustee is informed and believes and thereon alleges that the Community Assets Transfer may have occurred after the Petition Date.

142.     Trustee is informed and believes and thereon alleges that the Community Assets Transfer was not authorized by the Court.

143.     Trustee is informed and believes and thereon alleges that the Community Assets Transfer was not authorized under the Bankruptcy Code.

144.     By reason of the foregoing, the Community Assets Transfer is avoidable, Trustee is entitled to set aside the Community Assets Transfer pursuant to 11 U.S.C.

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000   Fax 714-866-1002

1 § 549 and Trustee is entitled to recover the Community Assets Transfer or the value of the

2 Community Assets Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

3

4 **ELEVENTH CLAIM FOR RELIEF**

5 **(For Declaratory Relief Against Richard, Grace, Pacific Commercial Group, LLC,
Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC**

6 **and RGJ Baek, LLC)**

7 145.   Trustee incorporates each and every allegation contained in paragraphs 1

8 through 144, inclusive, as though fully set forth herein.

9 146.   Trustee is informed and believes, and on that basis alleges that the

10 Community Assets are an asset of the Estate and the Estate is entitled to recover the

11 entirety of the Community Assets.

12 147.    There is an actual and justiciable controversy over whether and to what

13 extent Trustee is entitled to recover all or part of the Community Assets (including without

14 limitation any interest therein).

15 148.   Trustee is informed and believes, and on that basis alleges that the Estate is

16 entitled to recover the entirety of the Community Assets.

17 149.   Trustee is informed and believes, and on that basis alleges that Defendants

18 dispute that the Estate is entitled to recover the entirety of the Community Assets.

19 150.   Trustee seeks a declaration that the Estate is entitled to recover a 100%

20 interest in the Community Assets and that the Community Assets are an asset of the

21 Estate, or such other right or interest that the Court deems just and proper.

22 151.   Trustee further seeks a declaration that Defendants have no interest in the

23 Community Assets.

24 152.   Trustee further seeks a declaration that the Debtor's interest in the

25 Community Assets was and is held in a resulting and constructive trust as of the date of

26 any transfer of the Community Assets for the benefit of the Estate, and that the resulting

27 and constructive trust now holds the Community Assets for the benefit of the Estate.

28

1    153.    Trustee further seeks a declaration of rights that Defendants held and hold

2  legal title to the Community Assets in a resulting and constructive trust for the benefit of

3  the Estate.

4

5  ## TWELFTH CLAIM FOR RELIEF

6  **(To Preserve Transfers for the Benefit of the Estate**

**Pursuant to 11 U.S.C. § 551 against Richard, Grace, Pacific Commercial Group, LLC,**

7  **Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC**

**and RGJ Baek, LLC)**

8

9    154.    Trustee incorporates each and every allegation contained in paragraphs 1

10  through 153, inclusive, as though fully set forth herein.

11    155.    Pursuant to 11 U.S.C. § 551, the Transfer and the Community Assets

12  Transfer are preserved for the benefit of the Estate as the Transfer and the Community

13  Assets Transfer are avoidable under 11 U.S.C. §§ 544, 548 and 550 as set forth above.

14

15  ## THIRTEENTH CLAIM FOR RELIEF

16  **(For Award of Attorneys' Fees and Costs**

**Pursuant to Rule 7008(b))**

17

18    156.    Trustee incorporates each and every allegation contained in paragraphs 1

19  through 155, inclusive, as though fully set forth herein.

20    157.    Based on the foregoing allegations, Trustee is entitled to reasonable

21  attorneys' fees and costs resulting from bringing the instant action.

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-866-1002

1    **WHEREFORE**, Trustee prays that this Court enter a judgment against Defendants

2  as follows:

3    **On the First Claim for Relief Against Grace, Richard, Pacific Commercial Group,**

4    **LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC,**

5    **Baek 153, LLC and RGJ Baek, LLC**

6    For turnover of the Estate's interest in the Community Assets and the Estate's

7  interest in the Family Partnership, Retail Center and Rent or their value to the Trustee for

8  the benefit of the Estate pursuant to 11 U.S.C. § 542.

9    **On the Second Claim for Relief Against Richard, Grace and Baek 124, LLC**

10    For turnover of the Estate's interest in Baek 124, LLC and in the 124 Real Property

11  Proceeds, for the benefit of the Estate pursuant to 11 U.S.C. § 542 and an accounting of

12  any sale or refinance relating to the 124 Real Property.

13    **On the Third Claim for Relief Against Richard, Grace and Baek Holdings, LLC**

14    For turnover of the Estate's interest in Baek Holdings, LLC and in the Holdings

15  Property Proceeds, for the benefit of the Estate pursuant to 11 U.S.C. § 542 and an

16  accounting of any sale or refinance relating to the Holdings Real Property.

17  **On the Fourth Claim for Relief Against Richard and Pacific Commercial Group, Inc.**

18    For Turnover of the Estate's interest in the Joint Venture Proceeds and an

19  accounting regarding the Joint Venture Proceeds for the benefit of the Estate pursuant to

20  11 U.S.C. § 542.

21    **On the Fifth Claim for Relief Against Richard, Grace and Baek 153, LLC**

22    Avoiding the Transfer and declaring that the Transfer be annulled and rendered

23  void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of

24  the Estate.

25    Awarding the Estate a money judgment against Richard, Grace and Baek 153, LLC

26  in the amount of the Transfer.

27

28

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000   Fax 714-866-1002

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**On the Sixth Claim for Relief Against Richard, Grace and Baek 153, LLC**

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Estate a money judgment against Richard, Grace and Baek 153, LLC in the amount of the Transfer.

**On the Seventh Claim for Relief Against Richard, Grace and Baek 153, LLC**

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Estate a money judgment against Richard, Grace and Baek 153, LLC in the amount of the Transfer.

**On the Eighth Claim for Relief Against Grace, Richard, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC**

Avoiding the Community Assets Transfer and declaring that the Community Assets Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the Community Assets Transfer or the value of the Community Assets Transfer for the benefit of the Estate.

Awarding the Trustee on behalf of the Estate a money judgment against Grace, Richard, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC in the amount of the value of the Community Assets Transfer.

**On the Ninth Claim for Relief Against Grace, Richard, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC**

Avoiding the Community Assets Transfer and declaring that the Community Assets Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the

1  Community Assets Transfer or the value of the Community Assets Transfer for the benefit

2  of the Estate.

3      Awarding the Trustee on behalf of the Estate a money judgment against Grace,

4  Richard, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC,

5  Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC in the amount of the value of the

6  Community Assets Transfer.

7      **On the Tenth Claim for Relief Against Grace, Richard, Pacific Commercial**

8  **Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC,**

9  **Baek 153, LLC and RGJ Baek, LLC**

10      Avoiding the Community Assets Transfer and declaring that the Community Assets

11  Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the

12  Community Assets Transfer or the value of the Community Assets Transfer for the benefit

13  of the Estate.

14      Awarding the Trustee on behalf of the Estate a money judgment against Grace,

15  Richard, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC,

16  Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC in the amount of the value of the

17  Community Assets Transfer.

18      **On the Eleventh Claim for Relief Against Grace, Richard, Pacific Commercial**

19  **Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC,**

20  **Baek 153, LLC and RGJ Baek, LLC**

21      For a determination and declaration that that the Estate owns a 100% undivided

22  interest in the Community Assets and that the Community Assets are an asset of the

23  Estate pursuant to 11 U.S.C. §541, or such other interest as the Court deems just and

24  proper.

25  **On the Twelfth Claim for Relief Against Grace, Richard, Pacific Commercial Group,**

26  **LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153,**

27  **LLC and RGJ Baek, LLC**

28      For preservation of the Transfer for the benefit of the Estate.

Lobel Weiland Golden  Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    ## On the Thirteenth Claim for Relief Against All Defendants

2    Trustee be awarded her costs and attorneys' fees incurred in this action.

3    ## On All Claims for Relief

4    Trustee be awarded her costs and attorneys' fees incurred in this action.

5    For pre-judgment and post-judgment interest at the maximum legal rate.

6

7    Dated:                                    LOBEL WEILAND GOLDEN FRIEDMAN LLP

8                                        By:  /s/  Reem J. Bello
                                             _____
9                                            REEM BELLO
                                             Attorneys for Weneta M.A. Kosmala
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Lobel Weiland Golden  Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000  Fax 714-866-1002

1125043.1

COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**  Weneta M.A. Kosmala, Chapter 7 Trustee for the Bankruptcy Estate of John Olaf Halvorson | **DEFENDANTS**  Pacific Commerical Group, LLC; Baek Family Partnership, LLC, Baek  124, LLC, Baek Holdings, LLC, Baek 153, LLC, RGJ Baek, LLC, Richard Baek and Grace Baek |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Reem J. Bello, Lobel Weiland Golden Friedman LLP<br>650 Town Center Drive, Ste 950, Costa Mesa, CA 92626     Phone: (714) 966-0000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Complaint for Turnover of Property of the Estate Pursuant to 11 U.S.C. Section 542; To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 544(b) and 550 and California Civil Code Sections 3439.04(a)(1), 3439.07 and 3439.09, To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 548(a)(1)(a) and 550, To Avoid and Recover  Unauthorized Post Petition Transfers Pursuant to 11 U.S.C. Sections 549 and 550; Declaratory Relief; To Preserve Transfers, For Attys Fees

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>[1] 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>[2] 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>      (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | |
| | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | |
| | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | |
| | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>      actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>      if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  5,000,000.00 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>John Olaf Halvorson | BANKRUPTCY CASE NO.<br>8:15-bk-13556-MW | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | | NAME OF JUDGE<br>Mark Wallace |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>/s/ REEM J. BELLO | | | |
| DATE<br><br>July 15, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Reem J. Bello | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey I. Golden, State Bar No. 133040<br>jgolden@lwgfllp.com<br>Reem J. Bello, State Bar No. 198840<br>rbello@lwgfllp.com<br>LOBEL WEILAND GOLDEN FRIEDMAN LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626<br>Phone: (714) 966-1000<br>Fax: (714) 966-1002 | |
| *Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JOHN OLAF HALVORSON,<br><br><br><br>Debtor(s). | CASE NO.: 8:15-bk-13556-MW<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| WENETA M.A. KOSMALA, Chapter 7 Trustee for the Bankruptcy Estate of John Olaf Halvorson,<br><br><br>Plaintiff(s)<br>Versus<br>PACIFIC COMMERICAL GROUP, LLC, BAEK FAMILY PARTNERSHIP, LLC, BAEK 124, LLC, BAEK HOLDINGS, LLC, BAEK 153, LLC, RGJ BAEK, LLC, RICHARD BAEK AND GRACE BAEK,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____    **Address:**
> **Time:** _____          ☐ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____      ☐ 3420 Twelfth Street, Riverside, CA 92501
>                    ☐ 411 West Fourth Street, Santa Ana, CA 92701
>                    ☐ 1415 State Street, Santa Barbara, CA 93101
>                    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                    Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 2                        **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____
 Date                       Printed Name                                              Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.