**FOR PUBLICATION**

FILED & ENTERED

OCT 31 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>John Olaf Halvorson<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  8:15-bk-13556-MW<br>Adv No:   8:17-ap-01119-MW |
| Weneta M.A. Kosmala<br><br>                Plaintiff(s),<br>v.<br><br>Richard Baek, Grace Baek, Baek 124, LLC, Baek 153, LLC, Baek Family Partnership, LLC, Baek Holdings, LLC, Pacific Commercial Group, LLC, RGJ Baek, LLC<br><br>                Defendant(s). | **MEMORANDUM DECISION AND ORDER ON MOTION FOR ORDER TO APPOINT RECEIVER**<br><br>Date:        October 16, 2019<br>Time:       9:00 AM<br>Courtroom:  6C |

Jeffrey I. Golden of Weiland Golden Goodrich LLP for Weneta M. Kosmala, Chapter 7 Trustee

Steven J. Katzman and Ali Matin of Bienert I Katzman PC and Kyle Kveton of Robie & Matthai for the Baek Parties and Pacific Commercial Group, LLC

Marc C. Forsythe of Goe & Forsythe LLP for John O. Halvorson

Peter W. Bowie and Christopher Celentino of Dinsmore & Shohl LLP for Dan L. Halvorson and Jerry Ann Randall

Jessica R. MacGregor of Long & Levit LLP appeared telephonically for Corey Tolliver

**WALLACE, J.**

This matter comes before the Court on the motion (the "Motion") in the above-entitled adversary proceeding of chapter 7 trustee Weneta M. A. Kosmala (the "Trustee") to appoint a state court receiver to retain possession, maintain and manage the alleged marital community real property of debtor John O. Halvorson ("Mr. Halvorson") and to collect and maintain Mr. Halvorson's alleged marital community assets. The Motion is opposed by Grace Baek, Richard Baek and the other defendants in the adversary proceeding.

### Factual Background

Mr. Halvorson and Grace Baek ("Ms. Baek") were married during the period 2005 to 2012. The couple separated on August 1, 2012, and Mr. Halvorson filed for divorce on November 30, 2012 in California state court.

Mr. Halvorson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 16, 2015. On July 15, 2017, the Trustee commenced an adversary proceeding by filing a complaint against Ms. Baek, her brother Richard Baek and various entities in which Baek family members held or had held interests, namely, Pacific Commercial Group, LLC, Baek Family Partnership, LLC, Baek 124, LLC, Baek Holdings, LLC, Baek 153, LLC and RGJ Baek, LLC (collectively, the "Baek LLCs"). The complaint alleges that Ms. Baek held equity interests in the Baek LLCs (the "Equity Interests"), that the Equity Interests constitute marital community property and that, accordingly, the Equity Interests are bankruptcy estate property pursuant to 11 U.S.C. § 541(a)(2) (bankruptcy estate generally includes all interests of the debtor and the debtor's spouse in community property). The complaint seeks a turnover of the Equity Interests, an accounting, avoidance of alleged fraudulent transfers and other forms of relief. According to the complaint, the Equity Interests and other alleged community property at issue[1] have an

---

[1] The complaint alleges that in certain instances property of the Baek LLCs has been sold and that the sales proceeds have not been remitted to the bankruptcy estate. In these instances, the complaint asks for an accounting and a turnover of the sales proceeds.

aggregate fair market value exceeding $5 million.

## The Motion and Its Request for Relief

The Motion, filed September 25, 2019, asserts that "the Trustee is concerned about the imminent danger of the Estate's interest in the community property assets." Based upon this concern, the Motion asks the Court to appoint a California state court receiver pursuant to a provision of California state law (California Code of Civil Procedure § 564(b)) so that the receiver can take possession of the Equity Interests and other community property at issue, conduct an accounting, trace sales proceeds, and prevent the future dissipation of assets. The Motion acknowledges that some of the Baek LLCs "may no longer be operating."

## Case Authorities on the Appointment of a Receiver in Bankruptcy Cases

11 U.S.C. § 105 is entitled "Power of court." 11 U.S.C. § 105(a) gives a bankruptcy court sweeping and wide-ranging authority: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

11 U.S.C. 105 contains only one express limitation on these powers, and it is set forth in 11 U.S.C. § 105(b): "Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title."[2]

Despite this seemingly explicit statutory language forbidding the appointment of a receiver in a bankruptcy case, a number of courts have reached the conclusion – surprising to this Court – that the statute in fact allows bankruptcy courts to appoint

---

[2] A receiver who was appointed prior to the commencement of a bankruptcy case sometimes can remain in place after bankruptcy is commenced. 11 U.S.C. § 543(d); *In re Stratesec, Inc.*, 324 B.R. 156, 158 (Bankr. D.D.C. 2004). It should be noted in this connection that section 105(b) prohibits a bankruptcy court only from <u>appointing</u> a receiver and does not address receivers appointed by other courts prior to the commencement of bankruptcy.

receivers in cases under title 11.

The seminal case appears to be *In re Memorial Estates, Inc.*, 797 F.2d 516 (7th Cir. 1986) (Posner, J.). In that case a bank began a foreclosure action against a cemetery owned by Memorial Estates, Inc. ("Memorial"). The bank asked a state court to appoint a receiver. Before the state court could act on the application to appoint a receiver, Memorial entered bankruptcy, and the state court action was removed to the bankruptcy court. Memorial's bankruptcy trustee moved for appointment of a receiver for the cemetery, which happened to be the bankruptcy estate's major asset. A receiver was appointed, and an appeal was taken to the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit").

The Seventh Circuit determined that, notwithstanding the plain language of 11 U.S.C. § 105(b), appointment of a receiver was proper. In the Seventh Circuit's view, the power cut off by section 105(b) is the power to appoint a receiver for the <u>entire bankruptcy estate</u> in lieu of a bankruptcy trustee. The Seventh Circuit allowed that section 105(b) might also prohibit the appointment of a receiver for a bankrupt's main asset, but only if the trustee opposed the appointment. Because neither of these situations was present in the case, the Seventh Circuit affirmed the order appointing a receiver. What this Court finds especially noteworthy about *Memorial Estates* is that the decision fails to cite any authority supporting its conclusion that section 105(b) does not prohibit the appointment of a receiver for less than the entirety of the bankruptcy estate's assets as long as the trustee does not oppose such appointment. This conclusion does not appear to square with the plain language of section 105(b) or, as will be seen later, its legislative history.

*Memorial Estates* was followed by *Craig v. McCarty Ranch Trust (In re Cassidy Land & Cattle Co.)*, 836 F.2d 1130 (8th Cir. 1988). In *Cassidy,* the United States Court of Appeals for the Eighth Circuit (the "Eighth Circuit") agreed with the Seventh Circuit that section 105(b) prohibits only the appointment of a receiver for the estate in lieu of a trustee, not an appointment of a receiver where the trustee requests the appointment.

//

The Eighth Circuit cited no authority for this conclusion other than *Memorial Estates*. *Id.* at 1133.

Other courts have appointed receivers in bankruptcy cases, following *Memorial Estates* and *Cassidy*, and sometimes make a distinction between the appointment of a receiver in a main bankruptcy case and the appointment of a receiver in an adversary proceeding within a main bankruptcy case. *See, e.g.*, *Balakian v. Balakian*, Case No. CV-F-07-1011 OWW, 2008 U.S. Dist. LEXIS 121067 (E.D. Cal., July 8, 2008), *decision modified on rehearing,* 2008 U.S. Dist. LEXIS 80351 (E.D. Cal., Oct. 10, 2008); *Dye v. Taxe (In re Kellogg-Taxe),* No. 2:12-bk-51208-RN, 2014 Bankr. LEXIS 1213 (Bankr. C.D. Cal., March 28, 2014); *Movitz v. Fiesta Invs., LLC (In re Ehmann),* 319 B.R. 200, 206-07 n.10 (Bankr. D. Ariz. 2005); *Schlein v. Golub (In re Schlein),* 178 B.R. 82, 85-86 (Bankr. E.D. Pa. 1995).

*Collier on Bankruptcy* states that section 105(b) "only prohibits appointment of a receiver in a case under title 11. It does not prohibit the appointment of a receiver in a related adversary proceeding if otherwise authorized and appropriate," citing for this purpose only *Memorial Estates* and *Cassidy*. 2 *Collier on Bankruptcy* ¶ 105.06 at 105-90 (16th edition 2019).

## Analysis

An adversary proceeding is a lawsuit that, necessarily, is filed within or is removed to a bankruptcy case and is governed by Part VII of the Federal Rule of Bankruptcy Procedures. *See, e.g., In re Ballard,* 502 B.R. 311, 320 (Bankr. S.D. Ohio 2013). Adversary proceedings are subactions raised within a bankruptcy case. *Wiley v. Paul Mason & Assocs.(In re Wiley)*, 237 B.R. 677, 685 (Bankr. N.D. Ill. 1999).

Additionally, various provisions of the Federal Rules of Bankruptcy Procedure support the notion that bankruptcy cases and related adversary proceedings are "joined at the hip," as the saying goes, and that a general reference to a "a case under this title" in section 105(b) would include all adversary proceedings related to such case. For

example, Bankruptcy Rule 4004(a) provides in relevant part that "**In a chapter 7 case,** a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)" (bold-faced type added). Bankruptcy Rule 4007 allows a bankruptcy case to be reopened for the purpose of filing a complaint seeking a determination that a specific debt is or is not excepted from discharge (implying that such an adversary proceeding cannot be entertained by a bankruptcy court unless the main bankruptcy case is reopened).

11 U.S.C. § 324(b) provides that whenever a court removes a trustee for cause, "such trustee . . . shall thereby be removed in all other cases under this title in which such trustee . . . is then serving . . . ." It cannot be plausibly contended that "all other cases under this title" excludes adversary proceedings and that a removed trustee could continue to serve as trustee in adversary proceedings attached to such cases. Quite obviously, "all other cases under this title" includes all of the adversary proceedings attached to those cases in this context.

These considerations strongly suggest that the reference in 11 U.S.C. § 105(b) to a "case under this title" also sweeps in all adversary proceedings related to that case. If this interpretation is correct, then the plain meaning rule applies and would compel the conclusion that this Court is prohibited from appointing a receiver. The starting point in discerning Congressional intent is the existing statutory text. When the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Lamie v. United States Trustee,* 540 U.S. 526, 534 (2004) (Kennedy, J.); *Caminetti v. United States,* 242 U.S. 470, 452-53 (1917). If the plain meaning rule applies here, there is no reason to think that notwithstanding the statutory prohibition a bankruptcy court could appoint a receiver for less than all the bankruptcy estate's assets or that somehow the fact that the bankruptcy trustee is in favor of a receiver's appointment gives the bankruptcy court a valid basis for ignoring the statute's plain dictate.

Still, there remains a possibility that "a case under this title" is ambiguous as to whether this includes adversary proceedings. Because of that possibility, the Court turns

to the legislative history of section 105(b), which is remarkably brief.  Senate Report 95-989 (95th Cong, 2nd Sess., 1978) states as follows:  " . . . the bankruptcy judge is prohibited from appointing a receiver in a case under title 11 *under any circumstances*.  The bankruptcy court has ample provision for the appointment of a trustee when needed.  Appointment of a receiver would simply circumvent the established procedures" (italics added).

The "under any circumstances" language of the legislative history quoted above makes it very unlikely a bankruptcy court would be acting within the bounds of the law if it were to appoint a receiver for less than the entirety of a bankruptcy estate (suggested to be proper and appropriate in *Memorial Estates*) or to appoint a receiver because the bankruptcy trustee favors such appointment (suggested to be proper and appropriate in *Memorial Estates* where less than the entirety of the estate would be placed in receivership).

Bankruptcy trustees and receivers have very different roles, duties and loyalties.  A bankruptcy trustee is the representative of the estate.  11 U.S.C. § 323(a).  A receiver, on the other hand, is appointed by the court as a representative of the court to manage, control and deal with the property that is the subject matter of a controversy.  4 Pomeroy's Equity Jurisprudence § 1330.  A trustee's duties are spelled out in great detail in 11 U.S.C. § 704.  There is no reason to believe a receiver would have such duties unless the court expressly imposed them, and even then they would be imposed not pursuant to section 704 but instead pursuant to the court's appointment order.  A trustee has fiduciary duties running to the creditor body and, if the estate is solvent, the debtor.  A receiver's fiduciary duties run to the court.

Because of these very different, roles, duties and loyalties, the appointment of a receiver in an adversary proceeding would indeed "circumvent established procedures" within the meaning of Senate Report 95-989.  This is a strong reason why a bankruptcy court has no authority to appoint a receiver in an adversary proceeding.

//

Here, the Trustee asks the Court to appoint a receiver for property that the Trustee alleges to be property of the bankruptcy estate under 11 U.S.C. § 541(a)(2) because of concerns such property is being dissipated.  The Trustee's remedies at law in this situation would include, at a minimum, turnover under 11 U.S.C. § 542.  Equitable remedies other than receivership may be available as well, but only if such equitable remedies are consistent with the Bankruptcy Code and Rules.  11 U.S.C. § 105 does not allow a bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. *Law v. Siegel,* 571 U.S. 415, 420-21 (2014).  The equitable powers of a bankruptcy court can only be exercised within the confines of the Bankruptcy Code.  *Id.* at 421.  In any event, equity follows the law.  *Rees v. City of Watertown,* 86 U.S. 107, 122 (1874) ("A court of equity cannot . . . create a remedy in violation of law . . .").  Because section 105(b) precludes this Court from appointing a receiver, the Court may not exercise its equitable powers to override section 105(b) to appoint a receiver.

The Motion is denied with prejudice.

**IT IS SO ORDERED.**

###

Date: October 31, 2019

Mark S. Wallace
United States Bankruptcy Judge